# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Evan Davis, ) | Civil Action No. 3:22-cv-03663-MGL |
| Plaintiff, ) | |
| ) | (Civil Action No. 2022-CP-40-4857) |
| v. ) | (Court of Common Pleas) |
| ) | |
| Waffle House, Inc. and Jane Doe, ) | **NOTICE OF REMOVAL** |
| ) | |
| Defendants. ) | |

Pursuant to 28 U.S.C. § 1446, the Defendant Waffle House, Inc. hereby invokes the jurisdiction of the United States District Court for the District of South Carolina and states the following grounds for removal:

1. On September 19, 2022, the above-captioned action was filed in the Court of Common Pleas for Richland County by the Plaintiff to recover monetary damages from the Defendant Waffle House, Inc. The Plaintiff has asserted a negligence cause of action wherein he alleges that on September 29, 2020, he was forced from a Waffle House restaurant located in Richland County, South Carolina, and was subsequently attacked by third parties on or near Waffle House, Inc.'s premises.

2. The Defendant Waffle House, Inc. was served with the Summons and Complaint on September 21, 2022. The Defendant Jane Doe has never been served.

3. Section 1441(b) of Title 28 provides: "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of

defendants sued under fictitious names shall be disregarded." Based thereon, the alleged citizenship of the Defendant Jane Doe may not be considered for purposes of determining diversity.

4. In addition, the Defendant Jane Doe is a nominal or sham defendant against whom the Plaintiff's lawsuit has not been commenced and has been improperly and/or fraudulently joined in this proceeding as a defendant for the sole purpose of preventing removal of this action to the United States District Court.

5. "It is well-established that a party cannot defeat federal diversity jurisdiction by joining a party which has no real stake in the outcome of the case or against whom a sham or meritless claim has been asserted. Therefore, diversity for the purposes of conferring federal jurisdiction is determined not by reference to the formal or nominal parties but, rather, there must be complete diversity between the real and substantial parties in interest." *Beaufort County School District v. United National Ins. Co.*, 519 F.Supp.2d 609, 615 (D.S.C. 2007). The Defendant Jane Doe is a nominal or sham party who has no real or substantial interest in the litigation.

6. The Defendant Waffle House, Inc. is a corporation organized and existing under the laws of the State of Georgia. Moreover, Waffle House, Inc.'s principal place of business is located in the State of Georgia.

7. Based on the allegations of the Complaint, the Plaintiff is a citizen and resident of the State of South Carolina.

8. The prayer for relief in the Complaint is an unspecified amount of actual and punitive damages. Prior to suit being filed, the Plaintiff through his counsel in a letter dated July 8, 2022, made a settlement demand of $1,695,797.45 to the Defendant Waffle House, Inc. In that

same letter, the Plaintiffs' counsel provided an itemized statement of medical bills totaling $17,441.69 as well as a claim of $780,515.76 for the cost of "future medical treatment" and $297,840 for "non-economic damages." In his Complaint, the Plaintiff likewise seeks damages for "serious bodily injury and significant damages," future medical treatment and services, future "trauma, anxiety, annoyance, impairment and inconvenience," as well as future "pain, suffering, emotional distress, loss of enjoyment of life" and other unspecified damages. *See*, Complaint, ¶¶ 20, 28. In sum, based on the information already provided, the Defendant Waffle House, Inc. is informed that the amount in controversy is in excess of $75,000.00.

9. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332. As indicated above, there is complete diversity of citizenship between the Plaintiff and the Defendant Waffle House, Inc., which is the only Defendant against whom this action has been commenced under South Carolina law. Furthermore, based upon information learned prior to and in conjunction with suit being filed, the amount in controversy exceeds the sum or value of $75,000.00. Consequently, this action may be removed pursuant to 28 U.S.C. § 1441.

10. Waffle House, Inc. submits this Notice of Removal without waiving any defenses to the claims asserted by the Plaintiff and without conceding that the Plaintiff has pled claims upon which relief can be granted.

11. This Notice is filed with this Court within thirty days of service of the Summons and Complaint on Defendant Waffle House, Inc.

12. The attorney of record for Waffle House, Inc. signs this Notice of Removal pursuant to Rule 11, FRCP.

WHEREFORE, the Defendant Waffle House, Inc. prays that this Court accept this Notice of Removal which is being filed and that this Court take jurisdiction of the above-captioned action and

that all further proceedings in the action in the Court of Common Pleas for Richland County, State of South Carolina, bearing Civil Action No. 2022-CP-40-4857, be stayed.

                                             LINDEMANN & DAVIS, P.A.

                                             BY: *s/ Andrew F. Lindemann*
                                                  ANDREW F. LINDEMANN       #5070
                                                  5 Calendar Court, Suite 202
                                                  Post Office Box 6923
                                                  Columbia, South Carolina 29260
                                                  (803) 881-8920
                                                  Email: andrew@ldlawsc.com

                                                  *Counsel for Defendant Waffle House, Inc.*

October 21, 2022